**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4511**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TIMOTHY WILLIAM COOK,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:05-cr-00014-GMG-JES-1)

Submitted: December 18, 2014   Decided: December 22, 2014

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Cook pled guilty in 2006 to possession with intent to distribute heroin and was sentenced to 97 months' imprisonment. He began his term of supervised release on October 31, 2011. In April 2014, Cook's probation officer filed a petition to revoke his supervised release, alleging three violations. In June 2014, an amended petition was filed, based on two additional violations. At the hearing, Cook admitted to the first three violations included in the original petition in exchange for the Government's agreement to dismiss the final two. The parties also stipulated to a 24-month sentence. The district court revoked Cook's supervised release and sentenced him to 24 months' imprisonment. Cook noted a timely appeal. Cook's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questioning whether Cook's sentence is plainly unreasonable. Although advised of his right to file a supplemental pro se brief, Cook has not done so.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly

2

unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" we must decide whether it is unreasonable. Id. at 438. In this initial inquiry, the court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

A review of the record leads us to conclude that Cook's sentence is not unreasonable, nor was it plainly so, as he fully admitted the violations and stipulated to the sentence which was within the statutory range. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Cook's supervised release and his sentence. This court requires that counsel inform Cook, in writing, of the right to petition the Supreme Court of the United States for further review. If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cook. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED